[No. B020590. Second Dist., Div. Six. June 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD WILKES LANGDON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, the portion of the opinion certified for publication follows.

**COUNSEL**

Donald R. Wager for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Marc E. Turchin and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Sterility is not a defense to the crime of unlawful sexual intercourse. (Pen. Code, § 261.5.)[1]

. . . . . . . . . . . . . . . . . . . . .*

Defendant Langdon agreed that the issue of his guilt of the offenses, unlawful sexual intercourse (§ 261.5), and oral copulation (§ 288a, subd. (b)(1)), could be submitted to the trial court on the preliminary hearing transcript and a stipulation that because of a vasectomy Langdon's semen had a zero sperm count.

### FACTS

Langdon hired the victim to work in his hotel when she was 10 years old. Over the next seven years, she worked in a variety of capacities—as a maid, busgirl, hostess, waitress and cook. When she was 15 Langdon, and several friends of his, spent the weekend with her at the hotel. After giving her drugs to make her drowsy, Langdon had sexual intercourse with her throughout the weekend.

Langdon had sex with her on other occasions over the next two years. In particular, the victim testified to the specifically charged incidents of sexual intercourse and oral copulation occurring in August and September of 1984.

[1] All future references to code sections refer to the Penal Code unless otherwise stated.
* See footnote, *ante,* page 1419.

The court found Langdon guilty of both counts.

## DISCUSSION

■ Langdon contends that because he is physiologically incapable of impregnating a female, because of his vasectomy, he cannot be convicted of the charge of unlawful sexual intercourse.

. . . . . . . . . . . . . . . . . . . . . .*

Langdon relies on *Michael M. v. Superior Court* (1979) 25 Cal.3d 608 [159 Cal.Rptr. 340, 601 P.2d 572], affirmed at 450 U.S. 464 [67 L.Ed.2d 437, 101 S.Ct. 1200], to support this contention. In *Michael M.,* the California Supreme Court, using a compelling state-interest standard, rejected the contention that section 261.5 violates the equal protection clause of the Fourteenth Amendment in that only males may be convicted of it. The court held that the section was primarily designed to prevent teenage pregnancies, and disparate treatment of males is constitutionally justified because the burden of teenage pregnancies falls on the female. (*Id.,* at pp. 610-611; see also *Michael M. v. Sonoma County Superior Court* (1981) 450 U.S. 464, 470 [67 L.Ed.2d 437, 443, 101 S.Ct. 1200].)

It does not follow that because one of the purposes of the statute is the prevention of teenage pregnancies, a man is immune from prosecution under the statute because he is unable to impregnate a female. *Michael M.* specifically rejected the contention that section 261.5 was overly broad for its inclusion of those men "incapable of procreation . . ." or who assert they used other forms of birth control. (*Michael M. v. Superior Court, supra,* 25 Cal.3d at pp. 612-613.) The court noted the legislators' reluctance to rely "'. . . upon the doubtful efficacy of contraceptives and the truth of the inevitable claim of non-emission by a male charged with statutory rape.'" (*Id.,* at p. 613, citing *State v. Rundlett* (Me. 1978) 391 A.2d 815, 821, fn. 18.)

We reject Langdon's contention that because there is no doubt or uncertainty as to his sterility, he has a nonstatutory defense to the crime. Impregnation is not an element of the crime, but penetration is. Langdon's vasectomy did not render him incapable of accomplishing this act.

Although prevention of pregnancy is one purpose of the statute, it may not be the only one. (*Michael M. v. Sonoma County Superior Court, supra,* 450 U.S. 464, 470 [67 L.Ed.2d 437, 443].) The United States Supreme Court

---

*See footnote, *ante,* page 1419.

stated that inquiries into legislative motives are hazardous; it is often an elusive search. Legislators may have voted for the statute under consideration here "... for a variety of reasons. Some legislators may have been concerned about preventing teenage pregnancies, others about protecting young females from physical injury or from the loss of 'chastity,' and still others about promoting various religious and moral attitudes towards premarital sex." (*Id.,* at pp. 469-470 [67 L.Ed.2d at p. 443].) If the Legislature desires to carve out defenses for particular classes of people, it is free to do so. We shall not do so by judicial decree. (See *Michael M.* v. *Superior Court, supra,* 25 Cal.3d at pp. 614-615.)

. . . . . . . . . . . . . . . . . . . . .*

The judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.

---

*See footnote, *ante,* page 1419.